Filed 11/25/20  P. v. Harris CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B299340 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA076883) |
| v. | |
| KEVAUGHN HARRIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Affirmed in part, reversed in part, and remanded with instructions.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Robin Urbanski, Supervising Deputy Attorney General, Lynne McGinnis and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

After participating in a gang-related drive-by shooting, appellant Kevaughn Harris was convicted of one count of murder and three counts of attempted murder. In affirming his convictions, we noted he had been the driver, but did not address the underlying theories of liability or otherwise clarify his role in the shooting. (*People v. Harris* (Aug. 15, 2006, No. B181957) Cal.App.Unpub. LEXIS 7115.) Years later, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) imposed new limits on two theories of murder liability, viz., the natural and probable consequences doctrine and the felony murder rule. SB 1437 also enacted Penal Code section 1170.95 (Section 1170.95), creating a procedure for defendants convicted of murder under these newly limited theories to petition for postconviction relief. Appellant filed a petition under Section 1170.95 for relief from his four convictions, and requested the appointment of counsel.

Rather than appoint counsel or hold a hearing, the trial court issued an order summarily denying appellant's petition. Without identifying the source on which it relied,

the court found that appellant had been one of the shooters, and that he had "assisted, facilitated, counseled, and encouraged the commission of a gang murder . . . ." In so doing, the court implicitly found appellant had not been convicted under the natural and probable consequences doctrine or the felony murder rule, and concluded he was ineligible for relief under Section 1170.95 as a matter of law.

On appeal, appellant contends the trial court erred by summarily denying his petition. Anticipating the People's argument that relief from attempted murder convictions is unavailable under Section 1170.95, he argues the equal protection clauses of the state and federal constitutions prohibit the Legislature from withholding relief under Section 1170.95 from those convicted of attempted murder. He further argues we should instruct the court, on remand, to appoint counsel and issue an order to show cause why his convictions should not be vacated. As anticipated, the People argue Section 1170.95 provides no relief from attempted murder convictions. However, the People concede the court erred by relying on impermissible factfinding to summarily deny appellant's petition with respect to his murder conviction. They agree that we should instruct the court to appoint counsel on remand, but disagree that we should instruct the court to issue an order to show cause, arguing Section 1170.95 first requires the court to receive briefing and determine whether appellant has made a prima facie showing of entitlement to relief.

We agree with both parties that the court erred by relying on impermissible factfinding to summarily deny appellant's petition with respect to his murder conviction. We agree with the People that the court properly denied the petition with respect to appellant's attempted murder convictions, as Section 1170.95 provides no relief from such convictions. We further agree with the People that it would be premature to instruct the court to issue an order to show cause. Accordingly, we affirm the order with respect to the attempted murder convictions, reverse the order with respect to the murder conviction, and remand the matter to the trial court with instructions to appoint counsel for appellant, set a briefing schedule, and follow Section 1170.95's further procedures for evaluating his petition for relief from his murder conviction.

## PROCEEDINGS BELOW

On the afternoon of July 11, 2003, Keenan Chaney, Jason Martin, Dequin Bradford, and Deandre Pearson were walking on the sidewalk in an area claimed by the Campanella Park Pirus, a Blood gang. Martin was a member of the Campanella Park gang. A blue car with three occupants pulled alongside and stopped. Appellant was the driver. Someone in the car asked, "What's up, Cuz?" Two occupants of the car began shooting, and the men on the sidewalk started running. Chaney was shot in the left arm and left leg. Martin suffered a fatal gunshot wound to the chest. Following a jury trial, appellant was convicted of

Martin's murder and the attempted murders of Chaney, Bradford, and Pearson. On direct appeal, we found sentencing error (immaterial to this appeal), but affirmed the convictions, which appellant had not challenged. (*People v. Harris*, *supra*, Cal.App.Unpub. LEXIS 7115.)[1]

On June 3, 2019, appellant filed a petition in propria persona for postconviction relief pursuant to Section 1170.95. By checking boxes on a form petition, he alleged that (1) he was not "the actual killer"; (2) he did not aid or abet the actual killer with the intent to kill; and (3) he was not a major participant in any felony underlying the killing, or did not act with reckless indifference to human life during the course of any such felony. He further alleged that he was convicted at trial "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that under the law as modified by SB 1437, he could not now be convicted under those theories. He requested the appointment of counsel.

On June 10, 2019, the court issued a minute order summarily denying appellant's petition. In addition to stating facts included in our prior opinion, the court stated the following: "Police officers were directed to a backyard of a residence at 14601 South Corlett Avenue. They found victims Chaney and Martin in the backyard and Chaney was

---

[1] Our description of the offenses is reproduced from our prior opinion. The record on this appeal does not include any documents from appellant's trial, or a transcript of the resentencing hearing on remand from the prior appeal.

lying against the rear of the southwest corner of the house and Martin was lying in a tall grass area along a fence. Both were treated for their injuries[;] however[,] Martin succumbed to his injuries. [¶] One of the men who ran, Pearson, stated that the rear passenger displayed a 'C' hand sign and was the first to initiate the shooting. He also indicated that petitioner was the driver and that he fired 10 to 15 rounds from a semi-automatic type weapon. [¶] Another victim, Bradford, gave a similar account as victim Pearson[,] [a]dding that he believed petitioner described as the driver emptied the entire magazine from the weapon." As the People acknowledge, "it is unclear where the trial court obtained these facts."[2]

Evidently relying on Pearson's and Bradford's asserted identifications of appellant as one of the shooters, the court concluded, "Because petitioner was the actual driver of the car, was one of the shooters and assisted, facilitated, counseled, and encouraged the commission of a gang murder involving a rival gang[,] he does not come with[in] the exceptions [established by SB 1437]." The court did not separately address appellant's attempted murder convictions. Appellant timely appealed.

---

[2]     A pre-conviction probation report stated similar facts concerning the police officers' discovery of Chaney and Martin and the statements from Pearson and Bradford. No other document in the appellate record addresses these matters.

# DISCUSSION

Appellant contends the trial court erred by summarily denying his petition under Section 1170.95 to vacate his murder and attempted murder convictions. He argues that the court relied on impermissible factfinding to find him ineligible for relief from his murder conviction, and that the equal protection clauses of the state and federal constitutions prohibit the Legislature from withholding relief under Section 1170.95 from those convicted of attempted murder. He further argues we should instruct the court, on remand, to appoint counsel and to issue an order to show cause why his convictions should not be vacated.

## A. *Principles*
### 1. *SB 1437's Changes to the Law on Murder Liability*

"Murder is the unlawful killing of a human being, or a fetus, with malice aforethought." (Pen. Code, § 187, subd. (a).) "Before Senate Bill 1437, the felony-murder rule and the natural and probable consequences doctrine were exceptions to the actual malice requirement. The felony-murder rule made 'a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state.' . . . The natural and probable consequences doctrine made 'a person who aids and abets a confederate in the commission of a criminal act . . . liable not only for that crime (the target crime), but also for any other

7

offense (nontarget crime) [including murder] committed by the confederate as a "natural and probable consequence" of the crime originally aided and abetted.'" (*People v. Johns* (2020) 50 Cal.App.5th 46, 57-58.)

The Legislature enacted SB 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) As amended by SB 1437, the statute defining the malice element of murder now provides, "Except as stated in subdivision (e) of Section 189 [addressing the felony murder rule], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Pen. Code, § 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) The felony murder statute now provides, "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference

8

to human life . . . ." (Pen. Code, § 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

## 2. *Postconviction Relief Under Section 1170.95*

SB 1437 enacted Section 1170.95, creating a postconviction relief procedure. (Stats. 2018, ch. 1015, § 4.) "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019 [i.e., SB 1437's changes to the law on murder liability]." (Pen. Code, § 1170.95, subd. (a).)

"The petition shall include all of the following: [¶] (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and

9

year of the petitioner's conviction.  [¶] (C) Whether the petitioner requests the appointment of counsel."  (Pen. Code, § 1170.95, subd. (b)(1).)  The trial court may deny the petition without prejudice if any of this information "is missing from the petition and cannot be readily ascertained by the court . . . ."  (*Id.*, § 1170.95, subd. (b)(2).)

If the required information is provided or ascertained, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (Pen. Code, § 1170.95, subd. (c).)  The court may not engage in factfinding at this stage.  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 [under Section 1170.95, trial court's "authority to make determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)"].)

If the court does not summarily deny the petition, it must appoint counsel for the petitioner (if requested), require the People to file a response to the petition, and allow the petitioner to file a reply.  (Pen. Code, § 1170.95, subd. (c).)  "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (*Ibid.*)  "Within 60 days after the order to show cause has issued, the court shall hold a hearing to

10

determine whether to vacate the murder conviction . . . ."
(*Id.*, § 1170.95, subd. (d)(1).) "At the hearing . . . , the burden
of proof shall be on the prosecution to prove, beyond a
reasonable doubt, that the petitioner is ineligible for
resentencing. If the prosecution fails to sustain its burden of
proof, the prior conviction . . . shall be vacated . . . ." (*Id.*,
§ 1170.95, subd. (d)(3).) Alternatively, "[t]he parties may
waive a resentencing hearing and stipulate that the
petitioner is eligible to have his or her murder conviction
vacated . . . ." (*Id.*, § 1170.95, subd. (d)(2).)

We review the trial court's interpretation of Section
1170.95 de novo. (See *People v. Perez* (2020) 54 Cal.App.5th
896, 904.)

### 3. *Equal Protection Doctrine*

"Both the state and federal constitutions extend to
persons the equal protection of law." (*People v.
Chatman* (2018) 4 Cal.5th 277, 287.) "[W]here the law
challenged neither draws a suspect classification nor
burdens fundamental rights, . . . [w]e find a denial
of equal protection only if there is no rational relationship
between a disparity in treatment and some legitimate
government purpose."[3] (*Id.* at 288-289.) "We first ask
whether the state adopted a classification affecting two or

---

[3]     Appellant does not argue Section 1170.95 draws a suspect
classification or burdens a fundamental right, even if interpreted
to deny relief to defendants convicted of attempted murder.

more groups that are similarly situated in an unequal manner." (*Id.* at 289.) "If we deem the groups at issue similarly situated in all material respects, we consider whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose." (*Ibid.*) The challenger bears the burden of showing that "no rational basis for the unequal treatment is reasonably conceivable." (*Ibid.*) To be rational and reasonably conceivable, the basis for the law need not be empirically substantiated, persuasive, or sensible; nor need it have been articulated by the lawmakers. (*Ibid.*)

### B. *Analysis*
#### 1. *Appellant's Murder Conviction*

As the parties agree, the trial court erred by relying on impermissible factfinding to summarily deny appellant's petition with respect to his murder conviction. The People concede, "Appellant's petition alleged that a complaint, information, or indictment was filed against him that permitted the prosecution to proceed under either the felony murder rule or the natural and probable consequences doctrine, that he was convicted of either first or second degree murder under one of those theories, and that he could no longer be so convicted under the changes to sections 188 and 189. [Citation.] If that were true, then appellant would be eligible for relief, and nothing in the record of conviction here appears to have indicated otherwise *as a matter of law*." (See Pen. Code, § 1170.95, subd. (a).) As they further

12

concede, the record "does not indicate which theories of liability the People presented the jury and what instructions were given by the trial court."  Indeed, the court did not purport to find that the record of conviction established that the jury had rejected -- or had never been presented with -- the natural and probable consequences and felony murder theories.  Rather, the court implicitly rejected those theories itself, relying on unspecified sources to find appellant had been one of the shooters and had aided and abetted "a gang murder" (rather than a different target offense, of which murder was a natural and probable consequence).  The court's factfinding was impermissible.  (See *People v. Cooper* (2020) 54 Cal.App.5th 106, 124, review granted Nov. 10, 2020 (S264684) [trial court erred by relying on preliminary hearing transcript to summarily deny Section 1170.95 petition, where "the court's determination that [the petitioner] could still be convicted of murder after Senate Bill No. 1437 necessarily required factfinding"]; *People v. Drayton*, *supra*, 47 Cal.App.5th at 980-981 [trial court erred by summarily denying Section 1170.95 petition, where no readily ascertainable facts in trial court record refuted, as a matter of law, petitioner's assertion he had been convicted of first degree murder under felony murder theory].)

Though we must remand for further proceedings, it would be premature to instruct the court to issue an order to show cause, as appellant requests.  The statute first requires the court to appoint counsel (as requested), receive briefing, and determine whether appellant has made a prima facie

13

showing of entitlement to relief.  (Pen. Code, § 1170.95, subd. (c).)  From the record before us, we cannot determine whether appellant has made such a showing.  Accordingly, we will instruct the court to appoint counsel, set a briefing schedule, and follow Section 1170.95's further procedures for evaluating his petition for relief from his murder conviction.

### 2. *Appellant's Attempted Murder Convictions*

The trial court did not err by summarily denying appellant's petition with respect to his convictions for attempted murder because Section 1170.95 provides no relief from convictions for that offense.  Under the statute's plain language, a petitioner is limited to seeking relief from a murder conviction.  (Pen. Code, § 1170.95, subd. (a) ["A person convicted of felony *murder* or *murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated" (italics added)].)  In the proceedings on the petition, the court and parties are limited to addressing potential relief from a murder conviction; if the court issues an order to show cause, either the parties "stipulate that the petitioner is eligible to have his or her *murder* conviction vacated," or the court holds a hearing "to determine whether to vacate the *murder* conviction . . . ."  (*Id.*, § 1170.95, subd. (d), italics added.)  Thus, Section 1170.95 neither authorizes a petitioner to seek relief from an attempted murder conviction nor authorizes a court to grant such relief.  (See *People v. Alaybue* (2020) 51

14

Cal.App.5th 207, 223 (*Alaybue*) ["The repeated references to murder convictions in section 1170.95, as opposed to attempted murder convictions, make clear that Senate Bill 1437's ameliorative benefit was meant to reach only the completed offense of murder, not the distinct offense of attempted murder"]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 845, review granted July 29, 2020, S262184 ["'The Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill 1437 reform is underscored by the language of new section 1170.95'"]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted March 11, 2020, S259948 (*Medrano*) ["the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"].)[4]

---

[4] The issue presented here is whether Section 1170.95 provides postconviction relief from attempted murder convictions like appellant's, which have already become final. We need not address the distinct issue whether SB 1437's amendments to Penal Code sections 188 and 189 have narrowed attempted murder liability in a manner that may entitle a defendant convicted of attempted murder to relief *on direct appeal*. Courts have disagreed on the latter issue. (Compare *Medrano, supra,* 42 Cal.App.5th at 1012-1015, 1018-1021 [holding SB 1437 invalidated the natural and probable consequences doctrine as a basis for attempted murder liability, and reversing defendants' convictions for attempted murder under that doctrine], with *People v. Dennis, supra,* 47 Cal.App.5th at 841, 846-847, 856 [rejecting *Medrano*'s reasoning, and affirming defendant's convictions for attempted murder under the natural and probable

*(Fn. is continued on the next page.)*

15

Contrary to appellant's contention, the Legislature did not violate the equal protection clauses of the state and federal constitutions by granting postconviction relief to some defendants convicted of murder without extending the same relief to defendants convicted of attempted murder. These two classes of offenders are not similarly situated with respect to Section 1170.95's ameliorative purpose, as "murder is punished more severely than attempted murder."[5] (*Lopez, supra*, 38 Cal.App.5th at 1109-1110.) This

_____

consequences doctrine].) However, all courts to have considered the former issue have agreed Section 1170.95 provides no relief from already-final attempted murder convictions. (See, e.g., *Medrano, supra*, at 1018 [despite being entitled to relief on direct appeal, defendants were "categorically excluded from seeking relief through the section 1170.95 petitioning procedure for their attempted murder convictions"]; *People v. Dennis, supra*, at 845; *Alaybue, supra*, 51 Cal.App.5th at 223.)

Our Supreme Court is currently considering, in review of a decision on direct appeal, whether SB 1437 applies to attempted murder liability under the natural and probable consequences doctrine. (*People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted Nov. 13, 2019, S258175.) In resolving that issue, the court may resolve whether Section 1170.95 provides relief to defendants convicted of attempted murder under that doctrine. Pending the *Lopez* decision, we join our sister courts in concluding the statute provides no relief to such defendants.

[5]     Appellant argues that because both offenses require malice, the two classes of offenders are similarly situated with respect to the Legislature's stated purpose "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the
*(Fn. is continued on the next page.)*

16

disparity in punishment is also a reasonably conceivable rational basis for the Legislature's differential treatment of the two classes of offenders. (*Id.* at 1112 ["The Legislature could have reasonably concluded reform in murder cases 'was more crucial or imperative'"]; cf. *Alaybue, supra,* 51 Cal.App.5th at 224-225 [interpretation of SB 1437 as inapplicable to attempted murder convictions does not yield absurd results, despite creating a disparity between murder and attempted murder convictions; "Because the punishment for murder is so much more severe than the punishment for attempted murder, the Legislature may have wished to limit Senate Bill 1437's ameliorative reforms to those instances where it perceived the disconnect between culpability and punishment to be most glaring"].) Moreover, there is a second reasonably conceivable rational basis for the differential treatment, viz., concern for "judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*Medrano, supra,* 42 Cal.App.5th at 1018; accord, *Lopez, supra,* at 1112 ["In a world of limited resources, it is reasonable for the Legislature to limit the scope of reform measures to maintain the state's financial integrity"].)

In sum, because Section 1170.95 provides no relief to persons convicted of attempted murder, the trial court did

underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) Not so. Regardless of SB 1437's effects, "murder liability" is not imposed when a defendant is convicted of attempted murder.

17

not err by summarily denying appellant's petition for relief from his convictions for that offense.  However, the court erred by relying on impermissible factfinding to summarily deny his petition for relief from his murder conviction.

## DISPOSITION

The order summarily denying appellant's petition for postconviction relief under Section 1170.95 is affirmed with respect to his attempted murder convictions. The order is reversed with respect to appellant's murder conviction, and the matter is remanded. On remand, the trial court shall appoint counsel for appellant, set a briefing schedule, and follow Section 1170.95's further procedures for evaluating his petition for relief from his murder conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

19